IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY ALLEN PUE** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 23-323 |
| **DR. WELLINGTON TSAI, et al.** | : | |
| | : | |

**MEMORANDUM**

**Perez, J.**                                                                                                               September 12, 2024

*Pro se* Plaintiff Barry Allen Pue ("Plaintiff") brings the present dental malpractice action against Dr. Wellington Tsai ("Dr. Tsai"), CVS Pharmacy ("CVS"), ShopRite Pharmacy ("ShopRite"), and Mercer County Justice System[1] (collectively "Defendants"). This matter comes before the Court on the motions to dismiss filed by Dr. Tsai, CVS, and ShopRite.

I.   BACKGROUND

This case appears to arise from a dental procedure performed on Plaintiff by Dr. Tsai in or about 2018. Plaintiff's handwritten complaint alleges that Dr. Tsai pulled fillings out of his teeth, grinded down his teeth, and "conspired with other [D]efendants to spike medication so [he] would lose [his] job."[2] He further alleges that he needs to have all his teeth replaced and that he has suffered trauma as a result of the dental work. Plaintiff further avers that Dr. Tsai was the "ringleader" of an alleged conspiracy against him. Finally, Plaintiff points to his own African American identity and Dr. Tsai's perceived ethnicity/national origin, but this section of the

---

[1] Defendant Mercer County Justice System was never served with the Complaint.
[2] ECF No. 1 at 3.

1

Complaint is largely incomprehensible, and the Court is unable to discern the purpose of this assertion.[3] Plaintiff seeks a judgment against Defendants and requests $50,000,000 in damages.

This is not the first time Plaintiff has brought a lawsuit related to this event. On April 19, 2019, Plaintiff filed a state court complaint in Mercer County, New Jersey, which was dismissed with prejudice following a bench trial.[4] On March 23, 2021, Plaintiff filed a new complaint in the United States District Court for the District of New Jersey, which was also dismissed with prejudice by the Honorable Zahid N. Quraishi for lack of subject matter jurisdiction.[5] For the reasons contained herein, this Court dismisses Plaintiff's Complaint with prejudice because there is no basis for federal jurisdiction over this matter.

## II.  ANALYSIS

Federal courts are courts of limited jurisdiction, possessing only the power conferred by the United States Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is incumbent on any plaintiff in a federal action, *pro se* or otherwise, to set forth the basis for subject matter jurisdiction. In that regard, Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in his complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a).

This Court lacks original subject matter jurisdiction over the Complaint. The two primary sources of subject matter jurisdiction are federal question jurisdiction and the parties' diversity of citizenship. This Court concludes that there is no basis for federal question jurisdiction, as the issue

---

[3] Plaintiff avers: "[W]e don't need Defendant treating African American individuals like that. Also for trying to make me lose my job, by spiking medication because I transport Chinese from home to center and back home. Dr. Wellington Tsai is Chinese and I'm trying to get Justice for my teeth. I think I will have to move, so I can get, fair or good medical care." *Id.* at 4.
[4] ECF No. 13-5 at 2.
[5] ECF No. 13-6 (Judge Quraishi's letter opinion memorandum dismissing the suit with prejudice because it did not establish federal jurisdiction under federal question or diversity of citizenship).

of dental malpractice liability arises from state tort law. Likewise, Plaintiff's Complaint does not properly invoke diversity as a basis for subject matter jurisdiction because the citizenship of the parties is not properly pled and cannot be plausibly inferred. When it becomes apparent that subject matter jurisdiction is lacking, the Court must dismiss the action regardless of the stage of the litigation. Fed. R. Civ. P. 12(h)(3).

### A. Federal Question Jurisdiction

To establish federal question jurisdiction, a plaintiff must show that the case arises under the Constitution, laws, or treaties of the United States, as articulated in 28 U.S.C. § 1331. On his Civil Cover Sheet, Plaintiff selected the boxes for "Personal Injury – Medical Malpractice" and "Other Civil Rights" as the descriptions for the "Nature of the Suit." ECF No. 1 at 6.

The Supreme Court has established certain guidelines in determining whether federal question jurisdiction exists in a case. First, a federal right or immunity creates a federal question only where it is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank,* 299 U.S. 109, 112 (1936). As a result, the mere implication or existence of federal law does not automatically confer federal question jurisdiction. *Airco Indus. Gases, Inc. v. Teamsters Health & Welfare Pension Fund,* 850 F.2d 1028, 1033 (3d Cir. 1988). A federal right or immunity constitutes an essential element of a plaintiff's case only if it appears upon the face of the plaintiff's well-pleaded complaint. *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 808 (1986).

Plaintiff has not articulated, expressly or impliedly, a basis for federal question jurisdiction. Even the most liberal reading of the Complaint does not invoke federal law or constitutional issues. Plaintiff's dental malpractice allegations sound in tort law, which is governed almost exclusively by state law, with few exceptions. A federal district court does not have federal question jurisdiction over a state law tort. As for his election of "Other Civil Rights" as a basis for the suit,

3

Plaintiff has not identified any violation of a federal statute or constitutional provision, and the incoherent nature of his Complaint prevents the Court from so much as hazarding a guess, even for purposes of discussion, as to any imaginable jurisdictional foundation.

### B. Diversity Jurisdiction

To properly invoke subject matter jurisdiction under 28 U.S.C. § 1332(a), a plaintiff must "show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.,* 387 F. App'x 289, 292 (3d Cir. 2010). For complete diversity of citizenship, each plaintiff must be a citizen of different states than each defendant. *See id.* "Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed." *Midlantic Nat'l Bank v. Hansen,* 48 F.3d 693, 696 (3d Cir. 1995); *see also Scott v. Cohen,* 528 Fed. App'x 150, 152 (3d Cir. 2013) ("Federal jurisdiction is determined from the facts as they exist when the complaint is filed."); *Nationwide Mut. Fire Ins. Co. v. T & D Cottage Auto Parts & Serv., Inc.,* 705 F.2d 685, 688 (3d Cir. 1983) ("the existence of diversity jurisdiction is generally determined by the facts that existed at the time the complaint was filed"). For purposes of diversity jurisdiction, "citizenship of an LLC is determined by the citizenship of each of its members." *Zambelli Fireworks Mfg. Co., v. Wood,* 592 F.3d 412, 418 (3d Cir. 2010). In cases where a corporation is a party, the corporation is deemed to be a citizen of two states: the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1).

The Court recognizes that Plaintiff appears *pro se* and his complaint is held to a less stringent standard than formal pleadings drafted by lawyers; yet, the Court is limited in the procedural flexibility it can afford Plaintiff. *Haines v. Kemer,* 404 U.S. 519, 520–21 (1972); *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013) (noting that *pro se* litigants must still

4

plead sufficient facts to support their claim and abide by the same procedural rules as all other litigants). Plaintiffs, even when proceeding *pro se,* must plead the citizenship of the individual defendants for the court to determine whether complete diversity of the parties in fact exists and thus whether the court has jurisdiction to adjudicate the matter. *See Poling v. K. Hovnanian Enters.,* 99 F.Supp.2d 502, 515 (D.N.J. 2000). Furthermore, a plaintiff must also plead the amount in controversy on the face of the complaint. *Gray v. Occidental Life Ins. Co. of Cal.,* 387 F.2d 935, 937 (3d Cir. 1968).

Plaintiff does not include a statement of jurisdiction in his Complaint and alleges that both he and *all* Defendants are residents of the State of New Jersey. Even if Plaintiff was attempting to establish diversity as the source of federal jurisdiction, he has not met his burden to establish complete diversity of the parties.

### III. CONCLUSION

Because the Complaint does not reveal any ground for invoking federal subject matter jurisdiction, this action must be dismissed with prejudice. An appropriate Order to follow.